UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LAKISHA DUPRAY WHICHARD,

       Plaintiff,      REPORT AND
                RECOMMENDATION

   -against-         16-CV-6260 (LDH)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

  By this action, plaintiff Lakisha Whichard ("plaintiff") sought judicial review of a final decision of the Commissioner of the Social Security Administration ("defendant or "the government") denying her request for disability benefits. See Civil Complaint (Nov. 10, 2016), Electronic Case Filing Docket Entry ("DE") #1. In an opinion entered on February 9, 2018, the Honorable LaShann DeArcy Hall remanded the case to the Social Security Administration ("SSA") for further administrative proceedings. See Order (Feb. 9, 2018) ("Remand Order"), DE #20. A subsequent administrative hearing was held on July 23, 2019, and, on August 22, 2019, Administrative Law Judge ("ALJ") Sommattie Ramrup found plaintiff disabled. See Affirmation of Charles E. Binder (Dec. 17, 2019) ("Binder Aff.") ¶ 6, DE #24-2. Currently pending before this Court, on referral from Judge DeArcy Hall, is an application filed by plaintiff's counsel, pursuant to 42 U.S.C. § 406(b) ("section 406(b)"), the Social Security Act provision governing contingent-fee arrangements in federal court actions. See Notice of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Dec. 17, 2019), DE #24; see also Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Dec. 17, 2019) ("Pl. Mem."), DE #24-4. Defendant does not oppose the fee motion.

See Letter Response to Plaintiff's Motion (Dec. 30, 2019) ("Def. Resp."), DE #25.

For the reasons set forth below, the undersigned magistrate judge respectfully recommends that the motion be granted in part and denied in part, and that the District Court award plaintiff's counsel fees in the amount of $26,000. This Court further recommends that plaintiff's counsel, the Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder & Binder"), be directed to refund plaintiff $7,999.40, the amount previously paid by the government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On June 19, 2012, plaintiff filed an application for Social Security Disability benefits. See Binder Aff. ¶ 1. Her application was denied, and on December 5, 2012, plaintiff requested a hearing before an ALJ. See id. A hearing was held before ALJ Lori Romeo on June 16, 2014, and a supplemental hearing was held before the same ALJ on March 16, 2015. See id. ¶ 2. ALJ Romeo issued a decision dated May 28, 2015 in which she found plaintiff not disabled, see id., and plaintiff's subsequent request for review of the ALJ's decision by the Appeals Council was denied on September 13, 2016, see id.

Before appealing defendant's decision denying disability insurance benefits, plaintiff signed a two-page retainer agreement authorizing Binder & Binder to appeal the denial of benefits to the United States District Court. See U.S. District Court Retainer Agreement and Assignment (Dec. 17, 2019) ("Retainer Agreement"), DE #24-3 (Ex. A). As compensation for the firm's legal services, plaintiff agreed to pay counsel 25 percent of any past-due benefits procured. See id. ¶¶ 2-3. Subsequently, plaintiff filed suit in this Court seeking judicial review of ALJ Romeo's decision, pursuant to 42 U.S.C. § 405(g). See generally Compl. After briefing and oral argument regarding the same, on February 9, 2018, Judge DeArcy Hall granted

2

plaintiff's motion for judgment on the pleadings, and remanded the case to the SSA for further proceedings and additional findings.  See Remand Order at 3.[1]  The parties stipulated to an award of fees under the EAJA in the amount of $7,999.40, see Stipulation and Order Regarding Attorney's Fees (May 10, 2018), DE #22-1, which the Court so-ordered on May 14, 2018, see Order (May 14, 2018), DE #23.

On December 4, 2019, following further administrative proceedings, counsel for plaintiff received a Notice of Award dated November 27, 2019, stating, in pertinent part, that (1) plaintiff was to receive a payment of $106,514.62 in past-due benefits, and (2) that an additional $35,514.88 was being withheld for the payment of fees.  See Notice of Award (Dec. 17, 2019), DE #24-3 (Ex. C).  Binder & Binder now moves for an award of attorney's fees pursuant to section 406(b) in the amount of $35,504.88, which represents 25 percent of the past-due benefits awarded to plaintiff, as compensation for the 40.2 hours of work that Binder & Binder undertook in federal court on behalf of plaintiff.  See Pl. Mem. at 1-2; see also Binder & Binder Itemization of Hours ("Itemization of Hours"), DE #24-3 (Ex. B).  In its responsive submission dated December 30, 2019, the government states that "the Commissioner defers to the Court on the issue of the reasonableness of [plaintiff's] counsel's request."  Def. Resp. at 3.

## DISCUSSION

Section 406(b) of the Social Security Act allows a court to award a "reasonable" contingent fee to counsel representing a successful claimant in a federal action, but that fee may not exceed 25 percent of the total past-due benefits owed to the claimant.  See 42 U.S.C. §

---

[1] Specifically, Judge DeArcy Hall held that the ALJ was required to adhere to the "treating physician" rule, and reasoned that while the ALJ "provided three reasons for affording 'little weight' to the opinions of [two of plaintiff's doctors]," the ALJ "failed to set forth any such reason with sufficient specificity." Remand Order at 1-2.

3

406(b).  Unlike a traditional fee-shifting statute, the fee is paid out of, not in addition to, the past-due benefits.  See id.; Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002).  Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but instead sets the ceiling of any such agreement at 25 percent of the past-due benefits.  See Gisbrecht, 535 U.S. at 800, 808-09

"The Second Circuit has held that a court's determination of whether fees requested under [s]ection 406(b) are reasonable should 'begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'"  Tamburri v. Saul, 16-CV-5784 (PKC), 2019 WL 6118005, at *2 (E.D.N.Y. Nov. 18, 2019) (citing Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).  Courts in this Circuit assess the reasonableness of a fee award by looking at the following factors: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case.  See Barbour v. Colvin, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (citation and internal quotation marks omitted).

Here, the Retainer Agreement between plaintiff and Binder & Binder is for 25 percent of the past-due benefits awarded to plaintiff, and thus, the arrangement falls within the limits of section 406(b).  Turning to the first two of the above factors, the record does not suggest that plaintiff's counsel engaged in fraud or overreaching,[2] or had a hand in contributing to the substantial delays to which plaintiff's claim was subjected to at the administrative level.

---

[2] While defendant defers to the Court on the issue of the reasonableness of counsel's fee request, defendant clarifies that "there is no evidence of fraud or overreaching."  Def. Resp. at 3.

Addressing the third factor, the Court must next determine whether plaintiff's requested fee award totaling $35,504.88 for 40.20 hours of work – reflecting an effective hourly rate of $883.21 – constitutes a windfall to plaintiff's counsel, and thus, an unreasonable amount of fees.

Courts in this Circuit have identified several relevant considerations in assessing whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.  See Morris v. Saul, 17-CV-259 (PKC), 2019 WL 2619334, at *2 (E.D.N.Y. June 26, 2019) (citations and quotation marks omitted).   Based on these considerations, the Court, in its substantial discretion, concludes that an award of $26,000 would adequately compensate plaintiff's counsel for their representation in this matter.

As an initial matter, courts in this District have reduced awards in circumstances similar to those in the instant case.   By way of example, in Gonzalez v. Commissioner of Social Security, the Honorable Dora L. Irizarry reduced fees of $42,280.50 for a total of 31.05 hours of work to $21,144.75, for a *de facto* hourly rate of $680.99.   See Gonzalez, 10-CV-2941 (DLI), 2019 WL 1507843, at *2-3 (E.D.N.Y. Apr. 5, 2019) (citing Rivera v. Berryhill, 13-CV-5060 (PKC) 2018 WL 2436942, at *3 (E.D.N.Y. May 30, 2018) (reducing fees of $34,547.25 for 39.5 hours of work to $19,750 in total fees), and Benton v. Comm'r of Soc. Sec., No. 03 CV 3154(ARR), 2007 WL 2027320, at *2-3 (E.D.N.Y. May 17, 2007) (reducing fees of $44,694.75 for 33.5 hours of work to $15,000 in total fees)).   Notably, in neither its attorney affirmation nor as part of the firm's itemization of hours, did Binder & Binder disclose its non-contingent hourly

rates, to facilitate the Court's determination as to whether (and to what extent) an award of $35,504.88 for 40.2 hours of work would exceed the hourly rates of the attorneys at Binder & Binder. But in a relatively recent decision issued out of this District, the Honorable Pamela K. Chen found that "the regular hourly rate for Binder's services is $193.81." Seveda v. Berryhill, 16-cv-6236 (PKC), 2019 WL 2289221, at * (E.D.N.Y. May 28, 2019) (citation omitted). In another decision issued in 2019, she observed that "courts in this Circuit have repeatedly found that *de facto* rates above $500 per hour in social security cases are unreasonable[,]" Tamburri, 2019 WL 6118005, at *3 (citing cases).

To be sure, as plaintiff's counsel correctly notes, other courts in this Circuit have approved fee awards that resulted in effective hourly rates even higher than $883.21. See Pl. Mem. at 2-3. Significantly, only one of the cited cases was from this District, and was decided in 2011. See id. (citing Kazajian v. Astrue, No. 09 civ. 3678(BMC), 2011 WL 2847439 (E.D.N.Y. July 15, 2011)). The trend in this District is decidedly away from approving awards that richly benefit plaintiffs' counsel at the expense of their often-vulnerable clients. Cf. Def. Resp. at 2-3 (collecting cases and observing that, while a *de facto* hourly rate of $883.21 is comparable to some rates approved by courts in the Second Circuit, this rate is "high" and "exceeds the rate[s] that many courts within [this] Circuit have approved[.]"). In any event, the fact that other courts in this Circuit have approved generous section 406(b) fee awards does not absolve this Court, and the District Court, of the obligation to exercise our discretion and determine whether the requested amount is so large as to constitute a windfall to counsel. See Sweda, 2019 WL 2289221, at *3 n.2 (citations and quotation marks omitted).

A consideration of the relevant factors in the instant case militates in favor of a modest reduction in the total fee award. In seeking a reversal of the Commissioner's decision, Binder &

6

Binder, a firm with extensive experience in the Social Security field, see Bradley v. Colvin, 13-CV-00449-PKC, 2016 WL 4203467, at *3 (E.D.N.Y. Aug. 8, 2016), argued, in substantial part, that the ALJ failed to properly weigh certain medical opinion evidence, see Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings (Apr. 24, 2017) ("4/24/17 Mem.") at 17-24, DE #10.  The record suggests that plaintiff's case presented no novel issue of law, nor did it involve a particularly complex set of facts.  See DeStefano v. Astrue, No. 05-CV-3534 (NGG), 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008); see also Hiciano v. Apfel, No. 98 Civ. 4037(DLC), 2002 WL 1148413, at *2-3 (S.D.N.Y. May 29, 2002) (finding legal issues involving appropriate deference to treating physician and plaintiff's complaints of pain not novel in "unremarkable case" involving back injury).[3]

      Turning to Binder & Binder's itemization of hours attached to its motion, three attorneys worked on plaintiff's case: Mr. Binder (2.80 hours), Mr. Jones (26.00 hours), and Mr. Moran (11.40 hours).  See Itemization of Hours; see also Binder Aff. ¶¶ 8, 10, 12.  Plaintiff's counsel does not address the firm's decision to staff three attorneys on this case and, absent evidence to the contrary, one may reasonably infer that at least a portion of the 9.9 hours spent by Mr. Moran preparing for oral argument could have been eliminated had the attorneys who drafted plaintiff's brief also conducted oral argument on the same.  Cf. DeStefano, 2008 WL 623197, at *4 ("Moreover, defendant should not be responsible for the full 5.7 hours that Bowes spent familiarizing himself with the prior proceedings, which had been handled by Ungaro.").

---

[3] Further supporting this Court's conclusion that plaintiff's case was not particularly complex is defense counsel's January 30, 2018 request that an intern be allowed to present oral argument on behalf of the Commissioner, see Letter Requesting Permission for Intern to Present Oral Argument (Jan. 30, 2018), DE #19, which the District Court granted the following day, see Order (Jan. 31, 2018).

7

For these reasons, and consistent with recent case law in this District, see, *supra* pp. 5-6, this Court would have been warranted in recommending a reduced fee totaling $20,100, generating a *de facto* hourly rate of $500. Nevertheless, the Court recognizes the special circumstances involved in the effective prosecution of this case. Binder & Binder has served as plaintiff's counsel for approximately six years, providing plaintiff with competent representation at two administrative hearings in 2014, a third in 2019, and an appeal to the Appeals Council. See Pl. Mem. at 4; 4/24/17 Mem. at 2.[4] The administrative record submitted to the District Court in this case spans more than 1,000 pages, including many pages of medical records, see Administrative Transcript (Feb. 21, 2017), DE #7, and plaintiff's Memorandum of Law in Support of [Her] Motion for Judgment on the Pleadings totaled 25 pages, most of which was dedicated to summarizing the medical evidence in the case, see 4/24/17 Mem. Accordingly, an award of fees totaling $26,000, corresponding to a *de facto* hourly rate of nearly $650, adequately compensates plaintiff's counsel for the substantive work performed on this matter.

Finally, although plaintiff's counsel emphasizes the risk of loss that Binder & Binder assumed in taking the case, see Pl. Mem. at 4-5, this Court concludes that an award of this magnitude would adequately compensate Binder & Binder for the risks that the firm assumed in deciding to represent plaintiff on a contingency basis. Courts in this District have determined that an award approximating the amount recommended by this Court would satisfy the public

---

[4] Although section 406(b) prohibits courts from approving fees for the time spent working on claims before the SSA, see 42 U.S.C. § 406(b), this Court is permitted to consider how long plaintiff's counsel represented the claimant, including time expended at the administrative level, "to help the court assess the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." Mitchell v. Astrue, 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *5 (E.D.N.Y. Apr. 29, 2019) (citation and internal quotation marks omitted).

8

policy goal of enabling claimants to obtain competent counsel in their appeals.  See Muniz v. Astrue, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees . . . amounting to an hourly rate of $333.33 . . . satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation."); accord Tamburri, 2019 WL 6118005, at *3.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that plaintiff's motion be granted in part and denied in part, and that Binder & Binder be awarded $26,000 in attorney's fees pursuant to 42 U.S.C. § 406(b).  The Court further recommends that plaintiff be directed to refund plaintiff $7,999.40, the amount previously received under the EAJA.  See Morris, 2019 WL 2619334, at *3.

Any objections to this Report and Recommendation must be filed with the Honorable LaShann DeArcy Hall on or before **February 7, 2020**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:    Brooklyn, New York
           January 24, 2020**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**

9