UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAKISHA DUPRAY WHICHARD,

                Plaintiff,

v.

CAROLYN W. COLVIN,

                Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

16-CV-6260 (LDH) (RLM)

LaSHANN DeARCY HALL, United States District Judge:

### BACKGROUND

On December 17, 2019, Plaintiff filed a request for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 24.) Defendant did not oppose the motion, but noted that "[g]iven the range in fees that courts have found reasonable, the Commissioner defers to the Court on the issue of the reasonableness of counsel's request." (ECF No. 25 at 3.) The Court referred the motion to Magistrate Judge Mann on December 23, 2019. On January 24, 2020, Magistrate Judge Mann filed a report and recommendation ("R&R"), recommending the Court grant Plaintiff's motion in part and deny in part, and award Binder & Binder, Plaintiff's attorney, $26,000 in attorney's fees and order that counsel be directed to refund Plaintiff $7,999.40, the amount previously received under the Equal Access to Justice Act ("EAJA"). (R&R, ECF No. 27.) Plaintiff objects, in part, to the R&R. (Pl.'s Partial Obj. R&R Pl.'s Mot. Atty's Fees ("Pl.'s Obj."), ECF No. 27.)

### STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

1

matter to the magistrate judge with instructions."). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

## DISCUSSION

Where, as here, "there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). Factors considered in determining whether a fee request is reasonable include: 1) "whether the retainer was the result of fraud or overreaching;" 2) "whether the attorney was ineffective or caused unnecessary delay;" 3) "whether the fee would result in a windfall to the attorney in relation to the services provided;" and 4) "the risk of loss the attorney assumed by taking the case." *Barbour v. Colvin*, No. 12-CV-00548 ADS, 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (citations omitted). Here, the Retainer Agreement between Plaintiff and Binder & Binder calls for attorney's fees at a rate of 25 percent of the past-due benefits awarded to Plaintiff, the maximum permitted by statute. *See* 42 U.S.C. § 406(b)(1)(A) (stating

2

payment must "not exceed 25 percent of such past-due benefits"). Consistent with that fee arrangement, Binder & Binder moved for an attorney's fee award of $35,504.88. (Pl.'s Obj. 1.)

In primarily considering the third factor of the reasonableness inquiry—whether the fee would result in a windfall to the attorney in relation to the services provided—Magistrate Judge Mann recommended the Court reduce the fee to $26,000.00. (R&R 9.) In evaluating whether Plaintiff's proposed attorney's fee constitutes a windfall, Magistrate Judge Mann calculated that such a fee would reflect an effective hourly rate of $883.21. (R&R 5.) Plaintiff objects to Magistrate Judge Mann's analysis, and argues that the finding that the requested fee constitutes a windfall is erroneous. More specifically, relying on *Gisbrecht v. Barnhart*, Plaintiff argues that Magistrate Judge Mann erroneously relied "solely or primarily" on the effective hourly rate calculation in determining whether the fee is reasonable. (Pl.'s Obj. 1 (citing 535 U.S. 789 (2002).) The Court disagrees.

*Gisbrecht* explicitly instructs district courts "to review for reasonableness fees yielded by [contingency] agreements." 535 U.S. at 809. The Supreme Court observed that, under § 406(b), "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Courts in this district have found there are several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall:

> (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

3

Morris v. Saul, No. 17-CV-259 (PKC), 2019 WL 2619334, at *2 (E.D.N.Y. June 26, 2019) (collecting cases).

Here, Magistrate Judge Mann correctly considered these factors, and did not primarily rely on Binder & Binder's effective hourly rate. Magistrate Judge Mann rightly determined that this case did not present any novel issue of law, nor did it involve a particularly complex set of facts. (R&R 7.) This is particularly notable as Binder & Binder has "extensive experience in the Social Security field." (*Id.*) Furthermore, some portion of billed hours could have been eliminated had the same attorney who worked on the brief also argued the appeal. (*Id.*) These considerations were weighed against the fact that Binder & Binder worked on the case for six years, and that the administrative record spans more than 1,000 pages. (*Id.* 8.) Plaintiff objects to Magistrate Judge Mann's characterization of Binder & Binder's non-contingent hourly rate as $193.81, which, according to Plaintiff, was based on a review of other decisions in this district where Binder & Binder's hourly rate was determined by the EAJA, which is not the case here. (Pl.'s Obj. 5.) However, even disregarding Magistrate Judge Mann's calculation of the firm's non-contingent hourly rate, the record supports a finding that a reduction is warranted. As Magistrate Judge Mann found after a searching inquiry into the reasonableness of Plaintiff's requested attorney's fee, a fee award of $26,000 is reasonable. (*Id.* 5-8.)

That other courts have found that a higher *de facto* hourly rates are not a windfall does not change the Court's conclusion. (*See* Pl.'s Obj. 2.) This Court "must exercise its own discretion to determine whether the requested amount is so large as to be a windfall to the attorney." *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *3 n.3 (E.D.N.Y. May 28, 2019) (internal citations omitted).

Plaintiff goes on to argue that the cases cited by the Magistrate Judge that have awarded fees that resulted in a lower imputed hourly rate are not controlling. (Pl.'s Obj. 3-4 (citing *Gonzalez v. Commissioner of Social Security*, 10-CV-2941 (DLI), 2019 WL 1507843 (E.D.N.Y. Apr. 5, 2019); *Rivera v. Berryhill*, 13-CV-5060 (PKC) 2018 WL 2436942 (E.D.N.Y. May 30, 2018); *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154(ARR), 2007 WL 2027320 (E.D.N.Y. May 17, 2007); *Tamburri v. Saul*, 16-CV-5784 (PKC), 2019 WL 6118005 (E.D.N.Y. Nov. 18, 2019).) However Plaintiff misstates the proposition for which Magistrate Judge Mann cited these cases—it was for the proposition that "courts in this District have reduced awards in circumstances similar" to here, not for any specific hourly rate. (R&R 5.) And, in any event, the Court agrees that these cases are not controlling nor did Magistrate Judge Mann treat them as such. Again, Magistrate Judge Mann considered the range of fees that courts in this district have found reasonable and then considered the record of Binder & Binder's representation of Plaintiff in determining a reasonable fee. (R&R 6-8.) On *de novo* review, the Court agrees with Magistrate Judge Mann's outcome.

## CONCLUSION

For the foregoing reasons, the Court does not adopt Magistrate Judge Mann's characterization of Binder & Binder's non-contingent hourly rate, as it is contested by Plaintiff and is not a necessary factor for the Court to make a determination as to the reasonableness of the attorney's fee award. Otherwise, Magistrate Judge Mann's R&R granting Plaintiff's motion for attorney's fees in part and denying it in part is ADOPTED in its entirety as the opinion of this Court. Binder & Binder is awarded $26,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). Binder & Binder shall refund plaintiff $7,999.40, the amount previously received under the EAJA.

SO ORDERED.

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
September 30, 2020